# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SULAKHAN SINGH,<br><br>       Petitioners,<br><br>    v.<br><br>PAMELA BONDI, et al.,<br><br>       Respondents. | Case No. 1:26-cv-02247-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of India who first arrived in the United States on an F-1 visa on or about December 24, 2024. (ECF No. 1 at 2; ECF No. 1-2 at 2.[1]) After his entry, Petitioner filed a form I-589 application for asylum with the United States Citizenship and Immigration Services ("USCIS") Asylum Office on January 10, 2025. (ECF No. 1-2.) Subsequently, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). Petitioner requested a bond redetermination hearing pursuant to 8 C.F.R. § 1236 with the immigration court. On February

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

11, 2026, a hearing was held and the immigration judge ("IJ") denied bond because the IJ found Petitioner to be a flight risk. (ECF No. 1 at 2; ECF No. 1-5.)

On March 23, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) The motion for TRO was denied as untimely. (ECF No. 5.) On April 13, 2026, Respondents filed an answer, and Petitioner filed a reply on April 20, 2026. (ECF Nos. 6, 7.)

## II.

## DISCUSSION

In the petition, Petitioner asserts that his detention and denial of release on bond violates the Immigration and Nationality Act ("INA") and due process. (ECF No. 1 at 12–14.) Respondents argue that the petition should be dismissed for failure to exhaust administrative remedies and that "Petitioner is lawfully detained under 8 U.S.C. §1226(a) as a flight risk." (ECF No. 7 at 2, 4.)

"The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration," and the Ninth Circuit has held that 8 U.S.C. § 1226(a), which "offers substantial procedural protections to detained persons," is not facially unconstitutional. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193–94 (9th Cir. 2022). "[T]he determination whether an alien is 'dangerous' for immigration-detention purposes is a mixed question of law and fact and is reviewable as a 'question of law.'" Martinez v. Clark, 124 F.4th 775, 779 (9th Cir. 2024). "When questions require a close review of agency-found facts, like the 'dangerousness' determination, we review for an abuse of discretion." Id. at 784. "Under an abuse of discretion standard, 'we cannot reweigh evidence ... [but] can [only] determine whether the BIA applied the correct legal standard.'" Id. at 785 (alterations in original) (quoting Konou v. Holder, 750 F.3d 1120, 1127 (9th Cir. 2014)).

> Generally, in the absence of any red flags, we take the BIA at its word. For example, "[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence," we will rely on the BIA's statement that it properly assessed the entire record. *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). We do not require the BIA to "discuss each piece of evidence submitted." *Id.* Similarly, we accept that the BIA "applied the correct legal

standard" if the BIA "expressly cited and applied [the relevant caselaw] in rendering its decision." *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). But when there is an indication that something is amiss, like if the BIA "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," we do not credit its use of a "catchall phrase" to the contrary. *Cole*, 659 F.3d at 771-72.

Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024).

Here, the IJ denied bond, stating:

> At a hearing held on February 11, 2026, the Court found Respondent to be a flight risk. Respondent does not have any family ties in the United States. Respondent entered the United States on an F-1 visa, yet, Respondent does not meaningfully attend college. Respondent was to attend school in Indiana, and soon after entry moves to California. The Court finds that Respondent's true motive for the F-1 visa was his method to enter the United States for other purposes than going to college. Respondent's actions demonstrate that extent that he will go through to deceive the authorities.
>
> Therefore, based on a totality of the record presented in this case, the Court found Respondent to be a flight risk.

(ECF No. 1-5 at 1.)

Petitioner argues the "Due Process Clause . . . requires that, in bond hearings under 8 U.S.C. § 1226(a), the Government bears the burden of proof to justify continued detention." (ECF No. 1 at 7.) However, this argument was rejected by the Ninth Circuit in Rodriguez Diaz, 53 F.4th at 1210–12, which noted that "[n]othing in this record suggests that placing the burden of proof on the government was constitutionally necessary to minimize the risk of error, much less that such burden-shifting would be constitutionally necessary in all, most, or many cases." Id. at 1212 ("There is no reason to believe that, as a general proposition, the government will invariably have more evidence than the alien on most issues bearing on alleged lack of future dangerousness or flight risk."). Petitioner argues that "due process also requires that the analysis include consideration of alternatives to detention." (ECF No. 1 at 8.) The Ninth Circuit has rejected this argument:

> Nowhere in *Singh* did we suggest that due process also mandates that immigration courts consider release conditions or conditional parole before deciding that an alien is a danger to the community. *Singh* offers the high-water mark of procedural protections

required by due process, and we see no reason to extend those protections any further here.

Martinez, 124 F.4th at 786 (distinguishing Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017), which found "Plaintiffs are likely to succeed on their challenge under the Due Process Clause to the government's policy of allowing ICE and IJs to set immigration bond amounts without considering the detainees' financial circumstances or alternative conditions of release," because Hernandez "rel[ied] on [an] *absence* of dangerousness or flight-risk determination in [its] procedural due process analysis").

Petitioner further asserts:

The Immigration Judge's denial of bond was not based on an individualized assessment of flight risk or danger, but instead on a generalized and prejudicial conclusion that Petitioner "deceived" immigration authorities by entering on an F-1 visa and subsequently applying for asylum. This reasoning bears no nexus to the statutory purposes of immigration detention and reflects a substitution of moral judgment for the required legal analysis. By failing to apply the governing standard and by relying on irrelevant considerations, the Immigration Judge deprived Petitioner of a meaningful bond hearing, in violation of the Due Process Clause.

(ECF No. 1 at 10–11.) Petitioner argues that the "IJ denied bond based on a series of factors that do not establish flight risk as a matter of law"—"Petitioner's lack of family ties in the United States, his entry on an F-1 visa and alleged failure to meaningfully attend school, his relocation from Indiana to California, and the IJ's conclusion that Petitioner's 'true motive' in entering the United States was to pursue purposes other than education." (ECF No. 7 at 6.) Petitioner contends that "[t]hese findings are legally insufficient" because the "IJ's conclusion regarding Petitioner's 'true motive' is inherently speculative and does not constitute evidence of a likelihood to abscond," "relocation within the United States is not indicative of flight risk, nor does alleged noncompliance with student status establish that Petitioner will fail to appear for future proceedings. The absence of family ties, without more, is likewise insufficient." (Id. at 7.) "Petitioner does not ask this Court to reconsider the relative weight of evidence or reach a different discretionary conclusion" but "challenges whether the evidence relied upon by the IJ could, as a matter of law, support a finding of flight risk" because a district court "may determine

4

whether the IJ relied upon proof that could not legally establish the conclusion reached." (ECF No. 7 at 6 (citing <u>Kharis v. Sessions</u>, No. 18-cv-04800-JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018).)

> To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent. *Guerra*, 24 I. & N. Dec. at 40. The nine factors an IJ "may" consider "include any or all of the following:"
>
> > (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.
>
> > *Id.*

<u>Martinez</u>, 124 F.4th at 783. "An Immigration Judge has broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." <u>In re Guerra</u>, 24 I. & N. Dec. 37, 40 (BIA 2006). "Any evidence in the record that is probative and specific can be considered." <u>Id.</u> at 40–41.

At a bond hearing pursuant to 8 U.S.C. § 1226(a) "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" <u>Hernandez v. Sessions</u>, 872 F.3d 976, 982 (9th Cir. 2017) (quoting <u>Guerra</u>, 24 I. & N. Dec. at 38). Courts have found that an "IJ's failure to consider or apply any of the *Guerra* factors and decision to instead rely on . . . evidence that 'bear little if any relevance' to Petitioner's risk of flight, while seemingly ignoring all evidence in Petitioner's favor constitutes a misapplication of the legal standard to the facts." <u>Perez Velasquez v. Bondi</u>, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026) (quoting <u>Matter of Patel</u>, 15 I. & N. Dec. 666, 666–67 (BIA 1976)). See <u>Perez Velasquez</u>, 2026 WL 1042479, at *6 ("IJ considered only Petitioner's reliance on public assistance, driving without a license, and failure to pay taxes as evidence

supporting a finding of flight risk."); Lemus Crispin v. Bondi, No. 1:26-cv-191 (LMB/WEF), 2026 WL 768859, at *5, 6 (E.D. Va. Mar. 18, 2026) (finding IJ "relied upon three facts that do not pass constitutional muster": "unlawful status," "working in the United States without authorization," and "potential inconsistencies in Lemus's tax returns").

Here, the IJ properly considered Petitioner's lack of family ties in the United States and Petitioner's manner of entry to the United States. "Because the IJ . . . w[as] entitled to place some weight on the [lack of family ties and manner of entry] in their analysis of flight risk, the Court generally lacks jurisdiction to review whether they placed too much." Kharis, 2018 WL 5809432, at *8 (citing Sales v. Johnson, 323 F. Supp. 3d 1131, 1139 (N.D. Cal. 2017)). Further, Petitioner does not argue that the IJ ignored proffered evidence that favored Petitioner.[2] Based on the foregoing, the undersigned recommends finding that Petitioner is not entitled to habeas relief.[3]

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).

---

[2] The Court notes that Petitioner has not provided the Court with a transcript or recording of the bond hearing that would allow the Court to determine whether the IJ ignored evidence favorable to Petitioner.

[3] In light of this conclusion, the Court declines to address Respondents' exhaustion argument.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 4, 2026**                     /s/ <i>Erin P. Grosjean</i>

UNITED STATES MAGISTRATE JUDGE