**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SULAKHAN SINGH,<br>Petitioner,<br>v.<br>PAMELA BONDI, et al.,<br>Respondents. | Case No. 1:26-cv-02247 JLT EPG<br>A-Number: 235-457-840<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION OF WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br>(Doc. 8) |

Sulakhan Signh is an immigration detainee proceeding with a petition for writ of habeas corpus to 28 U.S.C. § 2241. Petitioner raised two grounds in his petition: (1) violation of 8 U.S.C. § 1226(a) and (2) violation of the Fifth Amendment. (Doc. 1 at 12-13.) Respondents asserted the petition should be denied, because he had a bond hearing and his detention was constitutional. (*See generally* Doc. 6.)

The magistrate judge observed that there are nine factors an ALJ may consider "[t]o determine whether an alien is a danger to the community or a flight risk," including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency

> of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

(Doc. 8 at 5, quoting *Martinez v. Clark*, 124 F.4th 775, (9th Cir. 2024).) The magistrate judge also observed that an immigration judge retains "broad discretion" with which factors are considered, and some may receive greater weight than others, "as long as the decision is reasonable." (*Id.*, quoting *In re Guerra*, 24 I & N. Dec. 37, 40 (BIA 2006).) The magistrate judge found that at Petitioner's bond hearing, "the IJ properly considered Petitioner's lack of family ties in the United States and Petitioner's manner of entry to the United States." (*Id.* at 6.) After finding the IJ considered proper factors, the magistrate judge found this Court lacks jurisdiction to evaluate the *weight* given to these factors. (*Id.*, citing *Kharis v. Sessions*, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018), *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1139 (N.D. Cal. 2017).) Therefore, the magistrate judge recommended the Court deny the petition. (*Id.*)

Petitioner filed timely objections to the Findings and Recommendations, maintaining the IJ erred in finding he is a flight risk. (Doc. 10 at 2-4.) Petitioner directs this Court's attention to *Perez Velasquez v. Bondi*, No. 26-CV- 01759-GPC-DDL, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026), and *Lemus Crispin v. Bondi*, No. 1:26-CV-191 (LMB/WEF), 2026 WL 768859, at *4 (E.D. Va. Mar. 18, 2026). (*See* Doc. 10 at 2-4.) Petitioner contends this case "mirrors the precise concern identified in *Perez Velasquez* and *Lemus Crispin*, where courts found constitutional deficiencies when Immigration Judges relied upon facts unrelated to actual flight risk." (*Id.* at 4.) However, these cases are factually distinguishable.

In *Perez Velasquez*, the immigration judge "focused on Petitioner's driving without a license, failure to pay taxes, and reliance on public assistance," and denied bond as to flight risk. *Perez Velasquez*, 2026 WL 1042479, at *2. The district court found "no evidence that the IJ considered the [nine] factors or applied them to the set of facts before her." *Id.* at *6. Similarly, in *Lemus Crispin*, the district court found the facts identified by the IJ to support a flight risk finding— including the petitioner's unlawful status, "unauthorized employment," and "potential inconsistencies in [his] tax returns"—and found these did not support the flight risk

determination. *Lemus Crispin*, 832 F.Supp.3d 534, 544-45 (E.D. Va. 2026). The court explained that "every individual who appears before an Immigration Judge for custody redetermination lacks lawful status," *id.* at 544, and "no reasonable inference of flight risk can be drawn from a steady history of employment, authorized or not." *Id.* at 545. Finally, the court questioned the findings related to the income tax returns, and found "an underreporting of income, standing alone, does not provide the evidentiary support constitutionally required to deny a noncitizen's request for release on bond." *Id.* The court concluded the IJ failed to identify "a constitutionally sufficient basis" to deny bond. *Id.* Contrary to the facts before the courts in *Perez Velasquez* and *Lemus Crispin*, here the IJ explicitly considered enumerated factors, including Petitioner's manner of entry into the country on an F-1 visa— only to not attend classes and move from the state—and Petitioner's lack of family ties in the country. Petitioner's objections are unpersuasive.

Petitioner also now argues that his detention has become unconstitutionally unreasonable because the bond hearing occurred "months ago." (Doc. 10 at 6.) Importantly, however, this claim was not raised in the petition. In the petition, Petitioner argued that his "due process rights under [the] fifth amendment have been violated because the Immigration Judge failed to conduct an individualized determination of flight risk or danger … rendering the hearing fundamentally unfair." (Doc. at 11; *see also id.* at 2-3.) Thus, the due process claim was solely based upon the findings of the IJ, not the duration of detention.

The Court has discretion to decline to consider claims and arguments raised for the first time in objections to findings and recommendations. *See United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (district court may refuse to consider factual allegations raised for first time in objections to recommendations when petitioner could have made them earlier but elected not to do so); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (court has discretion to refuse to consider new arguments raised in objections to recommendations). The facts surrounding Petitioner's detention—including the duration—were known at the time the petition was filed, and he did not include a due process argument related to the duration in his petition. Accordingly, the Court exercises its discretion to decline to consider the new ground for relief that Petitioner raised for the first time in the objections.

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case. Having carefully reviewed the entire matter—including Petitioner's objections and the bond hearing recording— the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 8) are **ADOPTED**.
2. Petitioner's filing on his own behalf (Doc. 16) is **DISREGARDED**, as he has counsel in this action and the filing was improper.
3. The petition for writ of habeas corpus is **DENIED**.
4. The Clerk of Court is directed to terminate pending matters as moot and close this case.

IT IS SO ORDERED.

Dated: October 19, 2026

UNITED STATES DISTRICT JUDGE